## JAQUISH v. KELLY et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

NEW TRIAL ⬯161—CONDITIONS—CONSTRUCTION OF ORDER—PAYMENT OF COSTS AND EXPENSES.

Where defendant was adjudged guilty of a civil contempt for failure to comply with a judgment, and was required to pay a fine of $150 and plaintiff's costs and expenses in the contempt proceeding, $703, a sub-

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sequent order granting a new trial of the action in which the judgment was recovered, on the ground of newly discovered evidence, on the pay· ment of the costs of the action to that date, required defendant to pay, not only the taxable costs entered in the action itself, but the $703 adjudged to plaintiff as costs in the contempt proceeding, reduced by the $150 fine or damages which had been previously paid to plaintiff.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec. Dig. ☞161.]

Appeal from Special Term, Delaware County.

Action by George J. Jaquish against George W. Kelly and others. From an order restraining proceedings to enforce an order adjudging the defendants guilty of civil contempt, plaintiff appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

O'Connor & O'Connor, of Hobart (Charles R. O'Connor, of Hobart, of counsel), for appellant.

A. G. Patterson, of Walton, for respondents.

JOHN M. KELLOGG, J. The defendants were adjudged in contempt for failing to comply with the provisions of a judgment of the Supreme Court, and were required to pay a fine of $150 and $703.61, plaintiff's costs and expenses.

By order, dated August 18, 1914, the court granted a new trial to the defendants of the action in which the judgment was recovered; the order providing that the judgment "be and hereby is vacated and set aside, and that a new trial thereof be had, and that the defendants pay all the costs and disbursements of said action to date, together with $10 costs." The order was granted upon the ground of newly-discovered evidence, and was evidently considered a favor to the defendants, as it imposed upon them the costs of the action and of the motion. The costs taxed in the action and entered in the judgment have been paid. The costs granted by the order adjudging defendants guilty of civil contempt have not been paid.

I think the fair interpretation of the order granting the new trial is that the defendants are to pay all costs and disbursements which have been made in the litigation up to that time, not only the taxable costs entered in the judgment itself, but the $703.61 adjudged to the plaintiff as costs in the contempt proceedings. Evidently the court did not intend to vacate the judgment and grant a new trial unless the costs were paid, and the order should be interpreted as conditioned upon the payment of the costs. The order finding the defendants guilty of contempt remains in full force until the costs are paid, and when the costs are fully paid then the judgment is of no further force, and we may assume the contempt proceedings fall with it. In granting the defendants a new trial upon the ground of newly-discovered evidence, and imposing upon them the costs and disbursements, the court did not intend to relieve them of the costs imposed by the contempt order.

The judgment gave the plaintiff $150 damages and the costs, and it was paid soon after its recovery. If the defendants comply with the

order granting a new trial, the judgment fails, and the plaintiff has no right to retain the $150 damages which were paid to him upon the judgment. It follows that the judgment is still in force, and the order punishing for contempt is effective, until the defendants comply with the terms of the order granting a new trial. The $150 which the plaintiff has received under the judgment should be credited upon the amount of costs awarded to the plaintiff in the contempt order, thus reducing the amount to $553.61, which balance defendants should pay before the order vacating the judgment and granting a new trial becomes effective.

The order appealed from, therefore, should be modified, by providing that upon payment to the plaintiff of $553.61, plaintiff's costs and expenses fixed by the contempt order, the sheriff is then restrained and enjoined from proceeding as stated in the order, and, as so modified, affirmed, without costs. All concur.