the matter of the final accounting of Mary Eva Grier Hunter, as executrix of James S. Patterson, deceased.

PER CURIAM. Decree affirmed, without costs. Held: (1) That the evidence supports the finding of the Surrogate that there was an assignment and transfer by the testator to the executrix of the property in controversy, and a delivery by him to her of an instrument in writing executed by him under seal, accompanied by the certificates of stock and other evidences of title of the property; and that the transaction amounted to a completed gift, inter vivos. (2) That the Surrogate was authorized to determine the question of ownership of the property upon the judicial accounting herein. (3) That the contestants having objected to the account of the executrix, contending that the property in question belonged to the testator at the time of his death and was a part of the assets of his estate, and that the account of the executrix should be surcharged with the value thereof, the burden of proof was upon the contestants to establish their contention. (4) That the omission to stamp the documents at the time of the execution and delivery thereof, as required by the federal War Revenue Act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 448), did not necessarily have the effect to make delivery thereof incomplete, although a proper circumstance to be considered upon the question as to whether there was a delivery; that, in the absence of intent to evade the provisions of the Revenue Act, the omission to stamp the documents does not invalidate the transaction or affect the title of the donee, the United States Internal Revenue stamps having been thereafter supplied, affixed and canceled. (5) That the executrix is not entitled to recover the costs and expenses incurred in determining her title to the property, beyond the taxable costs. (6) Both parties having appealed, neither should have costs of the appeal.

In re HYDE. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) In the matter of the application of Emery James Hyde for admission to the bar. No opinion. Application granted. See, also, 152 N. Y. Supp. 1119.

IANNITTI, Appellant, v. BROCCOLO, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 19, 1915.) Action by Rocco Iannitti, as administrator, etc., against Lorenzo Broccolo.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, without prejudice to a renewal of the motion upon proper papers. Held that the moving affidavits are not sufficient to authorize the order changing the venue for the convenience of witnesses, for the reason that they do not show that the persons named as witnesses, or any of them, will testify to any fact material to the issue.

INTERNATIONAL TRUST CO. v. GOW et al. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by the International Trust Company against William

Gow and others. No opinion. Motion granted, without costs. Settle order on notice.

IORIO v. PICCINI et al. (Supreme Court, Appellate Division, First Department. June 25, 1915.) Action by Antonio Iorio against Pasquale Piccini and others. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellants comply with terms stated in order. Order filed.

JACKSON, Respondent, v. STRONG, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. July 7, 1915.) Action by Fred S. Jackson against Charles W. Strong, impleaded with others. No opinion. Judgment affirmed, with costs. See, also, 154 N. Y. Supp. 886.

JACOBS, Appellant, v. E. W. EDWARDS & SON, Respondent. (Supreme Court, Appellate Division, Fourth Department. July 7, 1915.) Action by Olga Jacobs against E. W. Edwards & Son.

PER CURIAM. Judgment modified by striking out the provision denying a new trial, and in lieu thereof inserting a provision that a new trial be granted, in the Municipal Court of Rochester, to be had on the 21st day of July, 1915, at 10 a. m., and as so modified the judgment is affirmed, without costs of this appeal to either party. Held that while the evidence tending to establish plaintiff's ownership of the garment, the recovery of which is sought in this action, is neither convincing nor satisfactory, it does yet present a question of fact which should be again passed upon in the new trial which is now directed.

JAQUISH v. KELLY et al. (Supreme Court, Appellate Division, Third Department. September 15, 1915.) Action by George L. Jaquish against George W. Kelly and others. No opinion. Motion denied. See, also, 155 App. Div. 884, 139 N. Y. Supp. 1128; 166 App. Div. 952, 151 N. Y. Supp. 1122; 168 App. Div. 523, 153 N. Y. Supp. 114.

JEFFREY, Appellant, v. H. W. MILLER, Inc., Respondent. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by Thomas Jeffrey against H. W. Miller, Incorporated.

PER CURIAM. Judgment affirmed, with costs.

JENKS, P. J., and STAPLETON, J., dissent.

JERRED, Respondent, v. OSWEGO CONST. CO., Inc., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 26, 1915.) Action by Leroy Jerred against the Oswego Construction Company, Incorporated. No opinion. Motion for leave to appeal (153 N. Y. Supp. 1121) to Court of Appeals denied, with $10 costs.

JOHNSON v. HEDDEN CONST. CO. (Supreme Court, Appellate Division, First Depart-